MICHAEL J. HEYMAN
United States Attorney

JENNIFER IVERS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY LYNN SPONSLER,<br><br>Defendant. | No. 3:25-cr-00035-SLG-KFR |

### MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

COMES NOW the United States to proffer for the Court the reasons why the Court should order the defendant's pretrial detention. See *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay."). As explained below, defendant Jeffrey Sponsler has a sexual interest in children. He also has regular access to children. He owns a neurology center called Alaska Brain Center, as well as Alaska Music and Arts, a music, karate, and dance studio. Both serve children. He has a history of international travel and the financial means to flee the

United States. Accordingly, to protect the public and ensure Sponsler's future appearance, the United States respectfully requests Sponsler's detention pending trial.

**FACTS**

Sponsler's crimes first came to light when, in February, another individual saw him masturbating to a video of two nude children about 5-7 years old. He played the video from what appeared to be a Dell laptop. Based on that information and after obtaining a warrant, FBI searched Sponsler's home for electronics and other evidence of child exploitation. The results of that search were disturbing.

Within Sponsler's home, FBI agents found what appeared to be a home office equipped with multiple computers:



U.S. v. Sponsler
3:25-cr-00035-SLG-KFR

Hanging next to the desks was a child-sized dress (Sponsler's children are adults):



//

//

//

//

U.S. v. Sponsler
3:25-cr-00035-SLG-KFR

In the corner of the room was a twin bed with a tripod overlooking it:



Several cameras and memory cards seized from his residence are still being forensically examined.

Within his home, Sponsler did not hide his sexual interest in children. He had copies of several books depicting nude children and very young adults, often in sexual poses, including *Radiant Identities* by Jock Sturges and *Sweet Shaven Angels 2 & 3* by Mikhail Paramonov. Those books do not form the basis of the charges against Sponsler. Courts have debated whether *Radiant Identities* is child pornography or obscenity. Federal courts have generally found it to be legal to possess, while some state courts have reached the opposite conclusion. *United States v. Various Articles of Merch., Schedule No. 287*, 230

F.3d 649, 658 n.8 (3d Cir. 2000), *as amended* (Dec. 15, 2000) ("The photographs in *Radiant Identities* also show partially and fully nude children and adolescents, but . . . cannot be said to depict patently offensive sexual conduct."); *Krukowski v. Swords*, 15 F. Supp. 2d 188, 204 n.25 (D. Conn. 1998) ("According to testimony offered by and on behalf of the plaintiff, there is no restriction on who can purchase these books, which have been openly carried in the art section of these local bookstores, without any warnings or opaque covering."). *But see Commonwealth v. Dano,* 331 A.3d 659, 660 n.7 (Pa. Super. Ct. 2024) (table decision) (describing *Radiant Identities* as child pornography in state criminal matter); *Roise v. State*, 7 S.W.3d 225, 231 (Tex. App. 1999) (photographs from *Radiant Identities* formed basis for one count of possession of child pornography under state law).

Although those books may not qualify as child pornography under federal law, it is no secret that they cater to people like Sponsler: people seeking quasi-legal means of satisfying their sexual attraction to children. *See, e.g., Presnell v. State*, 551 S.E.2d 723, 732 (Ga. 2001) ("[T]he defense did not dispute that . . . *Radiant Identities* was the type of book to which a pedophile would be attracted.").

For additional context, the description for Paramonov's *Sweet Shaven Angels* focuses specifically on the models' youth: "Enchanting young angels with perfect figures. No pubic hair detracts from the aesthetics. These girls' bodies are immaculately beautiful and smooth, radiant, angelic, and romantically dreamy. Alas! If only we too could be this young again…."[1] Paramonov has another book entitled *Wild Lolitas*; "Lolita" is a well-

---

[1] https://books.google.com/books/about/Sweet_shaven_angels.html?id=k6IAtwAACAAJ

known term evoking a sexual interest in children. And Sturges, the author of *Radiant Identities*, was convicted of statutory rape involving one of his models who was 14 at the time.[2]

Sponsler also had dozens of electronics in his office and other rooms throughout the house, including desktop computers, laptops, external hard drives, memory cards, DVDs, and even VHS tapes. FBI is continuing to review the contents of those devices.

But even a preliminary review has revealed an extensive, well-organized collection of child pornography. The evidence uncovered so far shows that Sponsler ordered videos and pictures of nudist and naturist communities abroad. He then used his computer to edit images and make slideshows for himself focused on young girls' genitalia.

This project began with Sponsler ordering DVDs in the mail from websites such as enature[dot]net:



---

[2] https://www.recorder.com/Former-NMH-dorm-head-admits-to-having-sex-with-minor-charge-stems-from-1975-43557486

U.S. v. Sponsler
3:25-cr-00035-SLG-KFR

They contain videos and photos primarily showing adults and minors participating in nude beauty contests.



One of the pamphlets advertised, "When the clothes come off, the games go on!" The videos were expensive: a one hour DVD was listed as $60.



Sponsler took those images and videos and saved them on an external hard drive:

U.S. v. Sponsler
3:25-cr-00035-SLG-KFR



He meticulously organized his extensive collection:



Then he used his computer expertise – he has a master's degree in computer science and worked as a software engineer – to create his own videos of child pornography. He edited photos by zooming in on young girls' genitalia. He saved the edits as separate images

U.S. v. Sponsler
3:25-cr-00035-SLG-KFR
Page 8 of 13
Case 3:25-cr-00035-SLG-KFR    Document 5    Filed 06/06/25    Page 8 of 13

in subfolders. Then he took the edited photos, put them into a Powerpoint presentation, and created slideshows of exclusively children's genitalia. The adults were cut from the images. The slideshows focused on girls around 5 to 12 years old.

Given the number of folders, subfolders, screenshots, and slideshows Sponsler possessed, FBI has merely scratched the surface of Sponsler's collection, even after extensive review.

Sponsler's collection was largely unencrypted, with one notable exception. The hard drives with Enature videos and Sponsler's homemade child pornography, for example, were not encrypted. But Sponsler had a laptop – it appears to be the same laptop he used in the February masturbation incident – that was BitLocker encrypted. That laptop cannot be unlocked without a 48-digit key. The contents of that laptop are unknown at this time.

**ARGUMENT**

**1. The United States is entitled to a detention hearing**

The United States moves for a detention hearing under 18 U.S.C. § 3142(f)(1)(A). Sponsler was indicted by the grand jury for one count Possession of Child Pornography in violation of 18 U.S.C. §2252A(a)(5). This is a felony under Chapter 110 of the United States Code and therefore qualifies as a crime of violence under the Bail Reform Act. 18 U.S.C. § 3156(a)(4).

**2. The statutory factors weigh in favor of detention**

In assessing whether pretrial release or detention is appropriate, Congress has specified factors that should guide the Court's inquiry. Weighing these factors in this case supports the conclusion that pretrial detention is appropriate.

U.S. v. Sponsler
3:25-cr-00035-SLG-KFR

## 2.1. The nature and circumstances of the offense charged

Sponsler has demonstrated a unique ability to skirt the rules. His books of nude minors are legal to purchase in most places in the United States. The Enature videos do not include explicitly sexual content. One could argue that owning one of those books or videos would not necessarily suggest a sexual interest in children. Owning *all* of them certainly does. And in the privacy of his own home, Sponsler took those materials and turned them into child pornography.

This pattern of conduct shows that Sponsler, fully aware of legal and societal boundaries, found a way to step outside those boundaries without drawing attention to himself. From the size of his collection, he was doing this for years. He was only caught when he made the mistake of showing one of his videos to another person.

This should raise significant concern about Sponsler's willingness and ability to follow any conditions of release imposed by the Court. For example, it is common in a case like this for the Court to order defendants not to possess Internet-capable devices such as smartphones or tablets. This is intended to mitigate the risk of the defendant finding more child pornography or inappropriately talking to children.

But someone like Sponsler can easily work around such a condition. He could, for example, ask someone else to purchase a smartphone for him and then hide it or claim it is not his when Pretrial Services comes around. This risk is not theoretical in this case: it is the exact same type of deception that Sponsler used to hide his criminal conduct. The nature and circumstances of that conduct weigh in favor of detention.

## 2.2. The weight of the evidence against the person

The evidence against Mr. Sponsler is strong. The devices were seized from Sponsler's home office in his residence, and metadata points to Sponsler as the creator of his child pornography slideshows. This all lines up with the original eyewitness report.

## 2.3. The history and characteristics of the person

Sponsler's history and characteristics demonstrate a flight risk. He is a neurologist who owns a private practice in Wasilla and works at Mat-Su Regional. This indictment is likely to jeopardize his career and relationships with his patients. He owns several properties and has the means to travel interstate and internationally. He has a history of travelling to Switzerland, Dubai, France, and Canada.

Sponsler's release plan appears to involve spending his days at work and his nights at home, turning over his passport, and posting a substantial cash bond. At best, this plan somewhat mitigates Sponsler's flight risk. But it does little to address the danger Sponsler poses to the community. There would be no practicable way to limit Sponsler's access to minors or the Internet while at Mat-Su Regional or Alaska Brain Center. And he can easily obtain and use electronic devices while in his home and, with his computer science background, would have no difficulty bypassing any electronic limitations set by the court. Sponsler's history and characteristics therefore favor detention.

## 2.4. The nature and seriousness of the danger to any person or the community

It cannot be disputed that Sponsler has a sexual interest in children and has regular access to children. This alone poses a danger to the community. The full magnitude of that danger remains unknown until FBI can review the contents of his encrypted laptop.

U.S. v. Sponsler
3:25-cr-00035-SLG-KFR

Regardless, his proposed release plan would not address the danger Sponsler poses to children in the community.

**CONCLUSION**

No matter how restrictive, all sets of release conditions "contain one critical flaw. In order to be effective, they depend on [the defendant's] good faith compliance." *Hir*, 517 F.3d at 1092 (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)).

Sponsler for years has skirted around child pornography laws and hidden his sexual interest in children from the public eye. This enabled him, in the privacy of his home office, to create an extensive personal collection of child pornography without alerting authorities. Above and beyond the inherent danger posed by someone with a demonstrated sexual interest in children, Sponsler's pattern of behavior gives this Court no basis to conclude that he would follow this Court's orders.

Accordingly, the government asks the Court to enter an order for pretrial detention.

RESPECTFULLY SUBMITTED June 6, 2025, at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s/ Jennifer Ivers
JENNIFER IVERS
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s/ Jennifer Ivers
Office of the U.S. Attorney