Robert M. Herz
Law Offices of Robert Herz
431 W. 7th Avenue, Suite 107
Anchorage, Alaska 99501
Tel: 907-277-7171
Email: rmherz@gci.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| United States of America, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Case No. 3:25-cr-00035-SLG-KFR |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| Jeffrey Sponsler, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MOTION TO RE-OPEN DETENTION HEARING BASED ON NEW INFORMATION**

Comes now Jeffrey Sponsler, by and through the Law Offices of Robert M. Herz, and Attorney Robert M. Herz, and hereby moves, pursuant to 18 USC 3142(f) to re-open the detention hearing this court held on June 9, 2025 based on new information not previously known to the movant.

18 U.S.C. 3142(f) provides that: "the hearing may be reopened, before or after a determination…. at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will be reasonably …. the safety of any other person and the community."

This court based its decision to detain Dr. Sponsler on the premise that he could continue to create images in a manner similar to the underlying conduct alleged by the government in this case. Specifically, the court noted: "The Court does not believe that there are any conditions that can effectively deter defendant's online access to images of child

pornography or effectively deter his analog access to child pornography, specifically, as in this case, the acquisition of DVDs and later manipulation of those images." *See*, June 9, 2025, Partial Transcript of Detention Hearing, at page 6 lines 1-5 (filed herewith).

After the hearing, Counsel communicated with USPO Reyse Wallbrown about what computer monitoring software was available to Pre-Trial services. He responded on June 12, 2025 that the only program being used is known as Internet Probation and Parole Control, and that the Pre-Trial Services will only load it on "Windows computers, and Android phones."

Counsel then communicated with expert Jeffrey Fischbach about the capabilities of the software program, especially if the computer that Dr. Sponsler has access to is limited to a Windows operating system, an Internet browser, email communications, and the ability to read/write MS Word and PDF documents. The latter two being essential to communicate with counsel and effectively assist counsel in preparation of his defense. Mr. Fischbach has read the transcript of the court's ruling, and is familiar with the IPPC software. His opinion, which is set forth in a Declaration filed herewith, is that the IPPC software is capable of completely monitoring Dr. Sponsler's use of his devices. Windows can be configured to lock down all USB ports to prevent the addition of peripherals, and IPPC can restrict the addition of any software or apps not authorized by the USPO.

At the time of the court's ruling this court, and Dr. Sponsler, was not aware of Pre-Trial Services' use of the IPPC program or its capabilities. Mr. Fischbach makes clear that the IPPC software and Windows System Administrator can effectively "lock" down any computer and phone used by Dr. Sponsler to prevent Dr. Sponsler from engaging in any similar conduct. It bears repeating that conditions of release need not *guarantee* safety or presence but need only "reasonably assure" both. 18 U.S.C. 3142(e); *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985)(en banc).

Notwithstanding the standard is reasonableness, this comes close to a guarantee that Dr.

Sponsler will be unable to engage in similar conduct, and reasonably protects other minors and the community.

Moreover, Dr. Sponsler is incentivized not to violate his conditions of release. Not only would he forfeit a substantial sum of money, but he would return to jail, which would put his health at serious risk. Dr. Sponsler is a high-risk cardiac patient. He has suffered a myocardial infarction in the last couple of years, underwent catheterization and placement of an arterial stent. He underwent an echo-cardiogram back on March 20 of this year with abnormal results. He was due to evaluated on June 11 for another catheterization and possible additional stent placement but was unable to attend this evaluation due to his detention. Dr. Sponsler suffers from significant coronary artery disease and is at risk for a cardiac event or stroke. He is prescribed a statin drug, Crestor, which Dr. Sponsler has not been receiving while in detention.

On June 10, 2025, Anchorage Jail Complex gave him an unknown drug and unknown dosage. The administering "nurse" did not know what she was providing to Dr. Sponsler when he asked. On June 11, the next morning, Dr. Sponsler suffered severe vertigo while standing and while laying down. His other symptoms included nausea, and ataxia, and he went 24 hours without medical care despite requests to be treated since his symptoms were consistent for stroke. Given the delayed response, Dr. Sponsler firmly believes that if he were to suffer a stroke or heart attack while at AJC he would not survive. According to USMS Deputy Marshal Cable, after inquiring with AJC, Dr. Sponsler's medical care allegedly was delayed by AJC due to Dr. Sponsler's refusal to provide initial medical releases. This explanation by AJC either is not credible or malpractice, since emergency medical services should never be delayed over a paperwork issue. It is, however, entirely consistent with AJC's reputation for providing sub-standard medical care. Dr. Sponsler's belief that if he were to

have a cardiac event or stroke he would go untreated while detained is reasonable under the circumstances.

Dr. Lemons, Dr. Sponsler's cardiologist, is at Mat-Su Regional hospital a mere 5 minutes from where Dr. Sponsler lives. A release on house arrest on the same conditions previously proposed and with passes to see doctors will assure that Dr. Sponsler receives appropriate and timely medical care.

DATED at Anchorage, Alaska, this 16th day of June 2025.

THE LAW OFFICES OF ROBERT HERZ, PC

s/ Robert M. Herz
431 W. 7th Avenue, Suite 107
Anchorage, Alaska 99501
Tel: 907-277-7171
Email: rmherz@gci.net
AK Bar No. 8706023

**CERTIFICATE OF SERVICE**
I hereby certify that on June 16, 2025, a copy of the foregoing Motion to Re-Open Detention Hearing was served electronically on Assistant United States Attorney's Office    s/ Robert Herz