<pre>
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF ALASKA
 2

 3   UNITED STATES OF AMERICA,      )
                                    )
 4            Plaintiff,            )
                                    )
 5        vs.                       )  CASE NO. 3:25-cr-00035-SLG
                                    )
 6   JEFFREY LYNN SPONSLER,         )
                                    )
 7            Defendant.            )
     _____)
 8

 9             PARTIAL TRANSCRIPT OF DETENTION HEARING
                     (Opinion of the Court)
10      BEFORE THE HONORABLE KYLE F. REARDON, U.S. MAGISTRATE JUDGE
                         June 9, 2025
11                   4:06 p.m. - 4:15 p.m.
                      Anchorage, Alaska
12

13   FOR THE GOVERNMENT:
          Office of the United States Attorney
14        BY:  JENNIFER L. IVERS
          222 West 7th Avenue, #9
15        Anchorage, Alaska 99513
          (907) 271-5071
16

17   FOR THE DEFENDANT:
          Law Offices of Robert Herz, P.C.
18        BY:  ROBERT M. HERZ
          431 West 7th Avenue, Suite 107
19        Anchorage, Alaska 99501
          (907) 277-7171
20

21   Probation Officer: Reyse Wallbrown

22   _____
                         SONJA L. REEVES
23                 Registered Diplomate Reporter
                   Certified Realtime Reporter
24                 Federal Official Court Reporter
                   333 Constitution Avenue, NW
25                    Washington, DC 20001
             Transcript Produced from the Digital Record
</pre>

1          (Call to Order of the Court at 4:06 p.m.)

2          (Proceedings took place that are not included in this

3  partial transcript, after which, proceedings continued as

4  follows:)

5          DEPUTY CLERK:  Your Honor, we're back on record in

6  Case 3:25-criminal-35, *United States of America versus Jeffrey*

7  *Lynn Sponsler*.

8          THE COURT:  Good afternoon.  First off, my apologies

9  to everyone for extending the recess farther than I said it

10  would last.  I appreciate everyone's patience as you waited for

11  me.

12          As I said before we took the recess, the Court does

13  not find that the government has met its burden with regards to

14  the risk of flight, specifically, that there are no conditions

15  or combination of conditions that can reasonably assure the

16  defendant's appearance.

17          As to the issue of dangerousness, the Court is guided

18  by 18 U.S.C. Section 3142 and the standard that it must apply,

19  which is are there factors that can reasonably assure the

20  safety of any other person and the community.  And the Court

21  also notes that in our system, as the courts have said, liberty

22  is the norm and detention before trial is a carefully limited

23  exception.

24          The statutory factors that the Court considered are as

25  follows:

1    The nature and circumstances of the offense.  This

2    case involves the creation and possession of child pornography

3    images, which appear have to been maintained and stored in a

4    curated and well organized digital collection.

5    The Court notes that in its experience this does not

6    appear to be a high volume of images.  The Court is familiar

7    with cases in which tens of thousands and hundreds of thousands

8    of images have been collected by individuals who are charged

9    with possession of child pornography.

10    But this does appear to be a case in which there has

11    been a significant investment of time and resources into the

12    collection and maintenance of the images at issue in this case;

13    specifically, the acquisition of hard copy DVDs, the saving and

14    then ripping and editing and manipulating of those images to

15    create, as the government alleges, separate PowerPoint or slide

16    show presentations of child pornography focused on minors and

17    specifically the genitalia of those minors.

18    As far as the weight of the evidence goes, this is, as

19    Mr. Herz said in his memo, the least important of the statutory

20    factors.  A grand jury has obviously found probable cause.  The

21    government is pursuing this case.

22    But the Court also notes that this is a case in which,

23    at least at this point, the evidence is focused on what the

24    government has described as lewd and lascivious images, which

25    are the least objective of the statutory factors or the

1   statutory definitions of child pornography that are contained

2   in 18 U.S.C. Section 2256, and so the minimal weight that this

3   factor is accorded by the Court in its detention decision I

4   think is even more reduced by that fact.

5           The history and characteristics of the defendant,

6   those are well documented in the pretrial services report, as

7   well as the memos that were filed in this case.  The

8   defendant's age, his employment.  He is the owner of a medical

9   practice, as well as other businesses.

10          It is of some concern to the Court that at least one

11  of those businesses appears to be the type that has a

12  significant number of children as customers.

13          The defendant does not appear to have any physical or

14  mental conditions, no prior criminal history, no drug or

15  alcohol issues.

16          The defendant does appear, at least, again, given the

17  allegations in the charging document and in the government's

18  proffer, to have a sexual interest in images, and at least one

19  video of minors.  And the Court does find it relevant that the

20  defendant appears to be someone whose interest in those images

21  is such that he's willing to spend a significant amount of

22  time, again, acquiring, editing, manipulating and creating his

23  own preferred types of alleged child pornography material.

24          The fourth factor is the danger to any person if

25  released.  And in this case, the Court finds this to be the

1   most important factor in its analysis. The possession of child

2   pornography is a crime of violence under the law, and the

3   possession of images of minors engaged in sexually explicit

4   conduct, including those that might just merely be lewd and

5   lascivious, do harm the minors in the Court's view. This is

6   true even if those images are initially non-pornographic, but

7   then later modified to be pornography, as defined under the

8   law.

9         The Court's concern is whether there are conditions of

10   release that can reasonably assure the Court that the community

11   will be safe. In this case, the safety of any minors who might

12   come in direct contact with the defendant, but also the safety

13   of any minors whose images might be manipulated and possessed

14   by him.

15         As to the first group, minors in the community, the

16   Court finds that there are conditions that can be imposed to

17   keep that group safe. In this case, defense has proposed 24/7

18   home detention with no-contact provisions and other

19   restrictions. Probation has also offered similar conditions.

20   And in the Court's view, those conditions can reasonably assure

21   the safety of the community.

22         As to the second group, minors whose images might be

23   accessed and manipulated by the defendant, the answer is no.

24   And the Court finds that the government has met their burden.

25         Accordingly, the Court will order the defendant's

1  detention.  The Court does not believe that there are any

2  conditions that can effectively deter defendant's online access

3  to images of child pornography or effectively deter his analog

4  access to child pornography, specifically, as in this case, the

5  acquisition of DVDs and later manipulation of those images.

6        Digital devices and hard copies of child pornography

7  are simple to obtain and easy to hide in any case; however,

8  those concerns are amplified in this case given defendant's

9  background in computer science, his acquisition and apparent

10  extensive manipulation and storage of images, his use of images

11  of child pornography and sexual encounters, and the presence of

12  encryption in this case, and the fact that present on the

13  device that is encrypted, and the government has not yet been

14  able to access, may very well be the video of child pornography

15  showing the nude children that was the impetus of this case.

16        All of this indicates to the Court that the defendant

17  has a clear and obvious interest in child pornography.  The

18  proposed conditions, home detention, no contact with minors,

19  general prohibition on internet access, require the defendant's

20  compliance, as any release plan does, and it may very well be

21  that the likelihood of the defendant accessing, possessing and

22  viewing images may be low; however, the harm that such conduct

23  would inflict on its victims is immeasurable.

24        And so in cases such as this one where such

25  significant harms may occur in the event of a violation, the

1  Court must carefully assess what it means to reasonably assure

2  the safety of the community, and the Court is not confident

3  that release under the proposed conditions will adequately

4  protect the community.

5          For these reasons, the Court finds that the government

6  has met its burden and will order the defendant detained as a

7  danger to the community.

8          Those are the Court's findings.

9          Government, would you like to be heard on anything at

10  this time?

11          MS. IVERS:  No, Your Honor.

12          THE COURT:  Mr. Herz, do you want to be heard on

13  anything at this time?

14          MR. HERZ:  No.

15          THE COURT:  We have dates for the future.

16          If there is nothing else, we'll stand in recess.

17  Thank you.

18      (Proceedings concluded at 4:15 p.m.)

19

20

21

22

23

24

25