MICHAEL J. HEYMAN
United States Attorney

JENNIFER IVERS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY LYNN SPONSLER,<br><br>Defendant. | No. 3:25-cr-00035-SLG-KFR |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION**......................................................................**41 MONTHS**
**SUPERVISED RELEASE**..............................................................**15 YEARS**
**SPECIAL ASSESSMENT**....................................................................**$100**
**FINE**.............................................................................................**$20,000**
**JVTA ASSESSMENT** ......................................................................**$5,000**
**AVAA ASSESSMENT** ...................................................................**$17,000**

## FACTS

Sponsler's crimes first came to light when, in February 2025, another individual

saw him masturbating to a video of two nude children. He played the video from what

appeared to be a Dell laptop. Based on that information and after obtaining a warrant, FBI searched Sponsler's home for electronics and other evidence of child exploitation. The results of that search were disturbing.

Within his home, Sponsler did not hide his sexual interest in children. He had copies of several books depicting nude children and very young adults, often in sexual poses, including *The Age of Innocence* by David Hamilton, *Radiant Identities* by Jock Sturges, and *Sweet Shaven Angels 2 & 3* by Mikhail Paramonov.

Although those books are not the basis of this indictment, it is no secret that they cater to people like Sponsler: people seeking quasi-legal means of satisfying their sexual attraction to children. *See, e.g., Presnell v. State*, 551 S.E.2d 723, 732 (Ga. 2001) ("[T]he defense did not dispute that . . . *Radiant Identities* was the type of book to which a pedophile would be attracted.").

For example, the description for Paramonov's *Sweet Shaven Angels* focuses specifically on the models' youth: "Enchanting young angels with perfect figures. No pubic hair detracts from the aesthetics. These girls' bodies are immaculately beautiful and smooth, radiant, angelic, and romantically dreamy. Alas! If only we too could be this young again…."[1] Sturges, the author of *Radiant Identities*, was convicted of statutory rape involving one of his models who was 14 at the time.[2] Hamilton's books contain "sexually provocative" images of pubescent girls posing "nude or partially nude lying on beds,"

---

[1] https://books.google.com/books/about/Sweet_shaven_angels.html?id=k6IAtwAACAAJ
[2] https://www.recorder.com/Former-NMH-dorm-head-admits-to-having-sex-with-minor-charge-stems-from-1975-43557486

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR                Page 2 of 10
Case 3:25-cr-00035-SLG-KFR    Document 71    Filed 06/08/26    Page 2 of 10

"touching their own breasts or sexual organs," and kissing. *United States v. Various Articles of Merch., Schedule No. 287*, 230 F.3d 649, 658 (3d Cir. 2000), as amended (Dec. 15, 2000).

Sponsler also had dozens of electronics in his office and other rooms throughout the house, including desktop computers, laptops, external hard drives, memory cards, DVDs, and even VHS tapes.

Forensic review of those devices, especially the four devices to be forfeited, has revealed an extensive, well-organized collection of child pornography. The evidence shows that Sponsler ordered videos and pictures of nudist and naturist communities abroad. He then used his computer to edit images and make slideshows for himself focused on young girls' genitalia.

This project began with Sponsler ordering DVDs in the mail from websites such as enature[dot]net:



Case 3:25-cr-00035-SLG-KFR      Document 71      Filed 06/08/26      Page 3 of 10

They contain videos and photos primarily showing adults and minors participating in nude beauty contests.



One of the pamphlets advertised, "When the clothes come off, the games go on!" The videos were expensive: a one hour DVD was listed as $60.



//

Case 3:25-cr-00035-SLG-KFR     Document 71     Filed 06/08/26     Page 4 of 10

Sponsler took those images and videos and saved them on an external hard drive:



He meticulously organized his extensive collection:



Then he used his computer expertise – he has a master's degree in computer science and worked as a software engineer – to create his own videos of child pornography. He edited photos by zooming in on young girls' genitalia. He saved the edits as separate images

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR                    Page 5 of 10
Case 3:25-cr-00035-SLG-KFR      Document 71      Filed 06/08/26      Page 5 of 10

in subfolders. Then he took the edited photos, put them into a Powerpoint presentation, and created slideshows of exclusively children's genitalia. The adults were cut from the images. The slideshows focused on girls around 7 to 12 years old.

Sponsler's unique method of collecting and creating child pornography makes it difficult to calculate exactly how many images and videos he possessed. One external hard drive contained about 59,000 images and videos of nude minors on it. Among those, there were at least 110 images and 18 videos that Sponsler cropped himself to create child pornography, totaling at least 1,500 images on that device alone according to the guidelines definition.

Similar images were found on Sponsler's laptop and the other devices he has agreed to forfeit under this plea agreement.

While on pretrial release, Sponsler violated his conditions by possessing several prohibited computers in a pre-approved workplace. PSR ¶ 13. Sponsler likely would have gotten away with this violation, but a concerned citizen reported him after he called his wife and instructed her to move the computers, or else he would go to jail. *Id.*

## GUIDELINES CALCULATION

The United States agrees with the USPO's guidelines calculation. With no criminal history points and total offense level 24, Sponsler's guideline range is 51-63 months.

The government's objections to the draft Presentence Memorandum have been resolved. As to the defendant's objection, both the United States and the defendant initially believed the 2-level reduction under §2G2.2(b)(1) would apply in this matter. The USPO correctly notes, however, that because Sponsler is charged here only with possession rather

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR                    Page 6 of 10
Case 3:25-cr-00035-SLG-KFR    Document 71    Filed 06/08/26    Page 6 of 10

than receipt, that reduction does not apply. PSR at 27. Regardless, the United States is exercising its discretion in recommending a 41-month sentence, a two-level reduction from the USPO's calculation.[3]

## STATUTORY CRITERIA AND RECOMMENDED SENTENCE

### 1. Nature and circumstances of the offense

Sponsler's conduct here represents a years-long project of collecting, organizing, and viewing child pornography. Sponsler viewed this material for his own sexual gratification. PSR ¶ 7. Because Sponsler's conduct involved creating child pornography videos on his own computer, rather than downloading them online, he evaded any legal consequences for his conduct for many years. Fortunately, a concerned citizen reported him, allowing law enforcement to intervene. *Id.*

### 2. History and characteristics of the defendant

Sponsler betrayed the trust of his community. He was a practicing neurologist at Mat-Su Regional and his own clinic, Alaska Brain Center. *Id.* at ¶¶ 57-58. He also owned Alaska Music and Arts, a karate, music, and dance studio. *Id.* at ¶¶ 13, 58, 62. Both gave him ready access to children.

//

//

//

//

---

[3] The United States also recognizes this Court's policy disagreement with U.S.S.G. §2G2.2(b)(6), use of a computer. Therefore, the Court's final guideline range is likely to be 41 to 51 months.

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR                Page 7 of 10
Case 3:25-cr-00035-SLG-KFR    Document 71    Filed 06/08/26    Page 7 of 10

Each day, he went to work and treated patients, and after work, he often visited the studio. But when he returned home, Sponsler immersed himself in the sexualization of innocent children. He surrounded himself with books depicting nude images of children. He ordered dozens of DVDs of nudist colony beauty pageants. He worked on his computer to create child pornography images and videos from those DVDs. Then he used them for his own sexual pleasure. And he returned to treating patients and visiting the studio the next day.

In addition to that betrayal, Sponsler's offense conduct and pretrial release conduct reflect a belief that the rules do not apply to him. He justified his behavior by calling his child pornography a "home video" and persuading his wife that his conduct was legal because the videos were from another country. PSR ¶ 43. And he tried to use his wife to hide computers from pretrial services.

Fortunately, other members of the community intervened, recognizing the danger Sponsler posed. PSR ¶¶ 7, 13. In sum, Sponsler's betrayal of the community and his belief that the rules do not apply to him justify a significant sentence of imprisonment and, perhaps more importantly, a lengthy term of supervised release.

## 3. The seriousness of the offense and just punishment

There can be no dispute that Sponsler has committed a serious offense that requires significant punishment. For the reasons stated above, a sentence of 41 months of imprisonment, followed by 15 years of supervised release, adequately addresses this factor.

//

//

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR                    Page 8 of 10

## 4. Adequate deterrence and protection of the public

As noted above, Sponsler's conduct casts doubt on whether he can be deterred from criminal offenses, based on his pattern of skirting the rule of law. A sentence of 41 months, followed by 15 years of supervised release, is sufficient but no greater than necessary to protect the public by first isolating Sponsler from the community and then ensuring that he is under close supervision when he returns to the community.

## 5. Avoidance of unwarranted disparities

A sentence of 41 months is close to the national average of 42 months and would therefore avoid unwarranted disparities. PSR at 3.

## 6. Restitution, fine, and assessments

Sponsler is a physician who owns several businesses and properties. PSR ¶¶ 57-64. Accordingly, he has the ability to pay a fine, as well as the mandatory assessments.

The United States recommends a low-end fine of $20,000. *See* PSR ¶ 75. The United States further recommends that the Court impose an assessment of $17,000 under 18 U.S.C. § 2259A, which states that "the court shall assess . . . not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5)."

Finally, because Sponsler is not indigent, this Court should impose the $5,000 assessment under 18 U.S.C. § 3014 (The court shall assess an amount of $5,000 on any non-indigent person . . . convicted of an offense under . . . chapter 110.").

## CONCLUSION

For the reasons stated above, the United States respectfully recommends a sentence of 41 months of imprisonment, followed by 15 years of supervised release, along with the

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR          Page 9 of 10
Case 3:25-cr-00035-SLG-KFR     Document 71     Filed 06/08/26     Page 9 of 10

fines and assessments described above. This sentence is sufficient but no greater than

necessary to satisfy the relevant criteria under 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED June 8, 2026 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ *Jennifer Ivers*
JENNIFER IVERS
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026 a true
and correct copy of the foregoing
was served electronically on all counsel of
record.

s/ *Jennifer Ivers*

*U.S. v. Sponsler*
3:25-cr-00035-SLG-KFR          Page 10 of 10
Case 3:25-cr-00035-SLG-KFR     Document 71     Filed 06/08/26     Page 10 of 10