B Neal Ainsworth
2521 E Mountain Village Drive B223
Wasilla, AK 99654
Alaska Bar # 1609073
(907) 521-8420
Fax: (907)308-6386
Alaskalawyer55@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

No. 3:25-cr-00035-SLG-KFR

vs.

JEFFREY LYNN SPONSLER,

Defendant.

---

## DEFENDANT'S SENTENCING MEMORANDUM REGARDING APPLICATION OF U.S.S.G. § 2G2.2(b)(1)

COMES NOW Defendant Jeffrey Lynn Sponsler, by and through counsel, B. Neal Ainsworth, and respectfully submits this Sentencing Memorandum regarding the proper calculation of the advisory Sentencing Guidelines and specifically the applicability of the two-level reduction contained in U.S.S.G. § 2G2.2(b)(1).

I.
**INTRODUCTION**

Mr. Sponsler pled guilty to a single count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

1

The Presentence Investigation Report ("PSR") calculates a Base Offense Level of 18, applies enhancements resulting in an Adjusted Offense Level of 27, and after acceptance of responsibility arrives at a Total Offense Level of 24.

The defense respectfully submits that the Probation Office failed to apply the two-level reduction authorized by U.S.S.G. § 2G2.2(b)(1). Application of that reduction would reduce the Adjusted Offense Level from 27 to 25 and the Total Offense Level from 24 to 22.

II.
**THE OFFENSE OF CONVICTION**

The offense of conviction is possession of child pornography. Mr. Sponsler was not charged with production, transportation, advertising, trafficking, receipt with intent to distribute, or distribution of child pornography.

The government was fully aware of all facts described in the Presentence Report, including allegations that Mr. Sponsler cropped, enlarged, edited, organized, and created slideshows from images already in his possession. Nevertheless, the government elected to charge only a single count of possession under 18 U.S.C. § 2252A(a)(5)(B).

Likewise, the Presentence Report contains no allegation that Mr. Sponsler distributed any image, exchanged images with others, uploaded images to a file-sharing network, maintained a peer-to-peer sharing account, sold images, advertised images, or otherwise engaged in trafficking activity.

Significantly, the Probation Officer did not apply any enhancement under U.S.S.G. § 2G2.2(b)(3) for distribution. The absence of that enhancement reflects the lack of evidence that Mr. Sponsler distributed or intended to distribute any material.

**III.**
**APPLICATION OF U.S.S.G. § 2G2.2(b)(1)**

U.S.S.G. § 2G2.2(b)(1) provides:

"If the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels."

The facts of this case support application of that reduction.

There is no evidence that Mr. Sponsler intended to distribute, traffic in, exchange, sell, advertise, or otherwise disseminate any image. No such allegation appears in the indictment, plea agreement, investigative reports summarized in the PSR, or the guideline calculations.

The government may contend that the reduction should not apply because the PSR alleges that Mr. Sponsler cropped, edited, enlarged, organized, and incorporated existing images into

slideshows. However, those actions do not transform a possession offense into a trafficking or distribution offense.

Further, the Presentence Report reflects that Mr. Sponsler obtained DVDs and materials from naturist and nudist sources and subsequently cropped, enlarged, and edited portions of those existing images. Significantly, the materials initially obtained by Mr. Sponsler were not themselves charged as child pornography. Rather, the government's theory is that the criminal images resulted from Mr. Sponsler's subsequent cropping, enlargement, focusing, and editing of portions of preexisting images.

The government does not allege that Mr. Sponsler photographed minors, created original visual depictions of minors, or engaged in the production of child pornography as contemplated by 18 U.S.C. § 2251. Instead, the images at issue were derived from photographs that already existed and were already in Mr. Sponsler's possession.

The conduct described in the Presentence Report therefore involved the manipulation and organization of existing images for personal viewing purposes rather than the creation of original child pornography, trafficking, commercial exploitation, sharing, or distribution.

Importantly, there is no evidence that any edited image was ever transmitted to another person, uploaded to a file-sharing platform, exchanged with a third party, sold, or otherwise disseminated. The edited images remained solely within Mr. Sponsler's possession.

Moreover, the government was aware of these allegations before the indictment was filed and before the plea agreement was reached. Despite that knowledge, the government chose not to pursue any production charge under 18 U.S.C. § 2251, nor any distribution charge under 18 U.S.C. §§ 2252A(a)(2) or (a)(3). Instead, the government charged and accepted a plea to a single possession count under § 2252A(a)(5)(B).

That charging decision is significant. It reflects recognition that this case is fundamentally a possession case rather than a production, trafficking, or distribution case.

The Presentence Report further notes that approximately 59,000 images and videos were identified during the investigation. Yet the guideline calculations focus primarily upon approximately 110 edited images and 18 edited videos. This distinction further demonstrates that the alleged editing activity involved selecting, organizing, enlarging, and manipulating images already within Mr. Sponsler's possession rather than creating new contraband for dissemination to others.

The Sentencing Commission adopted § 2G2.2(b)(1) to distinguish defendants whose conduct is limited to possession and receipt from those who engage in broader trafficking or distribution conduct. Mr. Sponsler falls squarely within the former category.

IV.
**THE COURT SHOULD RESOLVE ANY AMBIGUITY IN FAVOR OF APPLICATION OF THE REDUCTION**

3

To the extent the Court concludes that the editing and slideshow activity creates ambiguity concerning application of § 2G2.2(b)(1), the Court should resolve that ambiguity in favor of applying the reduction.

The undisputed facts establish possession and personal use. The record does not establish trafficking, dissemination, exchange, commercial exploitation, or intent to distribute.

Because the government has not demonstrated conduct placing Mr. Sponsler within the class of offenders targeted by the trafficking and distribution provisions of § 2G2.2, application of the reduction is consistent with both the text and purpose of the Guideline.

V.
**CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that this Court apply the two-level reduction provided by U.S.S.G. § 2G2.2(b)(1).

Application of the reduction would reduce the Adjusted Offense Level from 27 to 25 and the Total Offense Level from 24 to 22 following acceptance of responsibility.

WHEREFORE, Defendant respectfully requests that the Court recalculate the advisory guideline range utilizing the two-level reduction authorized by U.S.S.G. § 2G2.2(b)(1) and impose a sentence consistent with that revised guideline calculation and the factors set forth in 18 U.S.C. § 3553(a).

DATED this 8th day of June, 2026.


Respectfully submitted,

/S/B. NEAL AINSWORTH

By: B Neal Ainsworth
B. Neal Ainsworth
AK Bar No. 1609073
2521 E. Mountain Village Drive, B223
Wasilla, Alaska 99654

Attorney for Defendant Jeffrey Lynn Sponsler

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025
a true and correct copy of the foregoing
was served electronically on all counsel of
record.

*/s B. Neal Ainsworth*